[No. 7,484.—In Bank.]

## CARTER v. KALLOCH ET AL.

SAN FRANCISCO—NEW CITY HALL COMMISSIONERS—CONSTRUCTION OF STATUTE.—Under the provisions of the Act of March 24th, 1876 (Stats. 1875, 1876, p. 461), to provide for the completion of the new city hall in San Francisco, all contracts to perform labor upon, or to furnish materials for the construction of, the building must be awarded to the lowest bidder, after proposals or bids shall be called for in the manner provided in the act.

MANDAMUS to Isaac S. Kalloch and others, constituting the board of new city hall commissioners.

J. A. Waymire, C. R. Greathouse, and W. T. Baggett, for Petitioner.

Robert Ash, for Respondents.

MORRISON, C. J. :

This is an application for a writ of mandamus based upon a petition setting forth the following facts :

1. That the defendants constitute the board of new city hall commissioners of the city and county of San Francisco.

2. That during the month of October, 1880, the petitioner and plaintiff, at the special instance and request of respondents, as such commissioners, performed labor upon said new city hall, in finishing a room thereof, for which labor the defendants agreed to pay him at the rate of four dollars a day.

3. That thereafter the plaintiff duly presented his bill for the work done by him, and demanded of the defendants that they should allow the same and order it paid.

4. That on the 19th day of October, 1880, the board of new city hall commissioners, by a majority vote, adopted the following resolution : "Resolved, That we do hereby decline passing to print or payment a demand in favor of Charles H. Carter, for the sum of thirty-five dollars, for the work done by him at the new city hall, on the ground that the work should have been done by contract, and not by day's labor." The foregoing constitute the material facts set forth in the petition.

There is but one question presented in the case, and that relates to the legality of the contract by which the plaintiff was employed to perform labor on the new city hall. A correct solution of this question depends entirely upon the meaning of the " Act to provide for the completion of the building in the city and county of San Francisco known as the new city hall," approved March 24th, 1876. (Laws of 1875–76, p. 461.)

Section 10 of that act provides, that the board shall appoint officers, awards contracts, allow claims, and authorize the expenditure of money, by resolutions entered in the minutes of the board. "All resolutions appointing an officer, awarding a contract, allowing a claim, or authorizing the expenditure of money, after its introduction, and before it is finally acted upon by the board, shall be published for at least five successive days (Sundays and holidays excepted), in at least two daily newspapers published in the city and county of San Francisco, of general circulation." And § 14 of the act seems to us to be con-

clusive of the question now before the Court. That section provides, that, "*when work is to be done* upon said building *or materials to be furnished*, it shall be the duty of the board of commissioners to advertise for at least thirty days in the official paper, and in the morning and evening newspapers published in said city and county having the largest circulation, for sealed proposals for *doing said work, or furnishing said material*, or for doing both said work and furnishing said material, as they may deem best. The said work and materials shall be of the best quality. * * * The advertisement shall also state the day, and an hour on said day, within which bids will be received. At the time named in the advertisement the board shall assemble, and remain in session for at least one hour; and all bids shall be delivered to the board whilst it is in session, and within the hour named in the advertisement. No bids not so delivered to the board shall be considered. * * * An abstract of said bids, showing the name of each bidder, the price at which *work, labor, or materials* is offered by each, and such other things as may be necessary to show or explain the offer, shall be made by the secretary, and published for five days in a daily newspaper published in the city and county of San Francisco, of general circulation. At the expiration of five days after the first publication of the abstract, on the day and at the hour fixed by the board, the said board of commissioners, with the aid and assistance of the architect and superintendent of works, shall proceed to consider the several bids, and award the contract for *doing the work or supplying the materials* for which proposals were invited, and for none other, to the lowest bidder, who shall furnish sufficient sureties to guarantee the performance of the contract; *provided*, the said board of commissioners shall have the right to reject any and all bids when, in their judgment, the public interests are thereby promoted; *and provided further*, that no contract shall be awarded, except by the final passage of the resolution awarding said contract by the board, in the manner herein prescribed." The section further prescribes that the district attorney shall prepare the contract, which shall contain detailed specifications of the work to be done, and the manner in which it shall be executed, the quality of the material, with such penalty for the non-performance of the contract as the board shall pre-

scribe. All contracts entered into under the provisions of this section are required to be executed in triplicate, and to be filed in the manner prescribed by the act.

- We have set forth the substance of the section in this opinion, because we think it is, of itself, a full and complete answer to the question involved in this controversy.

It is claimed, on behalf of the petitioner, " that the intention of the Legislature was, that the commissioners should contract for materials, or for materials *and* labor, *but not for labor without materials.*" There is nothing in the act to justify such a construction. The language of the act is, that " *when work is to be done upon said building, or materials to be furnished,* it shall be the duty of the commissioners to advertise, etc., for sealed proposals for *doing said work or furnishing said material,* or for doing both said work and furnishing said material." The intention of the Legislature is expressed in perfectly clear and unmistakable language, and the language employed relates to contracts for work and labor as clearly and unmistakably as it does to contracts to furnish materials. With the policy of the act this Court has no concern. The Legislature has chosen to provide that all contracts to perform labor upon, or to furnish materials for, the construction of the new city hall shall be awarded to the lowest bidder, after proposals or bids shall be called for in the manner provided in the act. The contract under which the petitioner did the work was not entered into in accordance with the provisions of law, and, however meritorious his claim may be, we cannot enforce payment of it by writ of mandamus.

Writ denied.

McKINSTRY, J., SHARPSTEIN, J., ROSS, J., MYRICK, J., and THORNTON, J., concurred.